## JAMES E. SMITH *vs.* MARIA L. THOMPSON.

Goods were sold by *C & P* to the wife of *S* on her credit. She was carrying on a millinery establishment, but had no authority from her husband to act as a feme sole or to buy goods on his credit. Held that *S* acquired no title to the goods.

*S* afterwards· took possession of the goods and sold them to *T*. Held that *T* acquired no title as against *C & P*, who still had the right to reclaim the goods.

*C & P* procured an order from the wife of *S* on *T* for the payment to them of the price which *T* was to pay *S* for the goods. Held that this was not an admission of the title of *S* to the goods.

*T* paid the money on the order to *C & P*. Held that the money was rightfully paid to the party entitled to it, and that by reason of the failure of consideration as between *S* and *T*, by the failure of title to the goods, *S* had no right of recovery against *T*.

ASSUMPSIT, for money had and received; tried in the Superior Court on the general issue, with notice, closed to the court, before *Phelps, J.* The court found the following facts.

The plaintiff and his wife, in the year 1863, and prior to their intermarriage, commenced together the millinery business in Fair Haven in this state, the plaintiff owning the entire stock of goods. They soon afterwards married, and after prosecuting for a while longer the business in Fair Haven, removed to Plymouth, taking with them the stock of goods on hand. After carrying on for some time the business there in the name of the plaintiff, he gave the personal charge and superintendence of it wholly to his wife, who conducted it after the spring of 1866, buying and selling, and making accounts and bills in her own name, as if she were a *feme sole,* until about the first of December, 1866, when, at her request, the plaintiff resumed the personal management of the business, and immediately disposed of the entire stock to the defendant, who was either to return the goods to the plaintiff or account to him for them at prices agreed upon between them. Mrs. Smith was embarrassed at the time she requested the plaintiff to resume the personal management of the business, and requested him to discharge from the proceeds of the stock, so far as he should be able, the liabilities which had been incurred and were then existing on account of the business. He never authorized her to act as a *feme sole,* or knew she so acted or claimed to act, and never authorized her to buy goods on credit in either his or her own name, and until October, 1866, had no knowledge that she was indebted.

On the 7th of December, 1866, the plaintiff disposed of the remaining stock to the defendant as his own property, and she paid and accounted for it to him under their contract; with the exception of the sum of $96.98, which, on the 30th of May, 1867, against the consent and contrary to the direction of the plaintiff, she paid to Case & Prentice of Hartford, on an order in their favor given by Mrs. Smith in payment of a balance due them for goods purchased by her of them on credit in her own name, and without the plaintiff's knowledge

or authority, in 1866. The defendant, at the time of the payment of the order, took a bond of indemnity from Case & Prentice, who are the real defendants in the action. The order was as follows:—" MISS M. L. THOMPSON, Plymouth, Conn: Please pay to Messrs. Case & Prentice the sum of $96.98, and charge the same to account of goods belonging to me in your hands. Hartford, May 31st, 1867. MRS. J. E. SMITH."

At the time of the delivery of the goods by the plaintiff to the defendant, a portion of them, of the value of the amount of the order or more, were articles which Mrs. Smith had purchased as aforesaid of Case & Prentice, who at the time they gave credit and delivered the articles to her made no inquiry and took no measures to ascertain whether Mrs. Smith was in fact a *feme sole*, and acting as such, or whether she had a husband for whom she was acting as agent. The plaintiff and his wife since their marriage have lived together as husband and wife without abandonment or emancipation of her by him.

On the foregoing facts the court rendered judgment for the plaintiff to recover the sum of $106.92, being the sum of $96.98 with interest, and the defendant brought the record before this court by a motion in error.

*Graves*, for the plaintiff in error.

*E. W. Seymour*, for the defendant in error.

CARPENTER, J. We are satisfied from the statement of facts in this case that the plaintiff had no title to a portion of the goods which he sold to the defendant, at least as against Case & Prentice. It seems that a part of the goods so sold, exceeding in value the amount of the plaintiff's demand, were sold by Case & Prentice to the plaintiff's wife on credit. But she had no authority to act as a *feme sole;* nor had she authority to buy goods on credit, either in her own name, or in the name of her husband; and he never knew that she so acted, or that she was indebted, until after the sale. The

plaintiff therefore acquired no title by virtue of the contract between his wife and Case & Prentice.

As the wife, not being authorized, was incapable of making such a contract, she acquired no title; consequently the husband derived no title from her. The subsequent transactions, the taking possession of the property by the plaintiff and the sale of it by him as his own, might indeed have rendered him liable as a purchaser, had Case & Prentice elected so to consider him. But it is manifest that they did not intend originally to give credit to the plaintiff; and we find in the case no act on their part indicative of such an intention subsequently, or which should have the effect to bind them to accept the plaintiff as their debtor against their will. The only act done by them—procuring an order on the defendant drawn by Mrs. Smith and payable to themselves—so far as it has any bearing upon the case would seem to indicate an intention to ignore the plaintiff entirely as a party to the transaction. The title to the property therefore remained in Case & Prentice till paid for. They had a right to reclaim it at any time before payment. They found it in the defendant's possession. It was at their option to claim the property, or the purchase money to the amount of their demand. They chose to do the latter, and thereby the defendant acquired a valid title. The defendant got no title from the plaintiff. There was, therefore, a failure of consideration, to the extent of the sum paid Case & Prentice, and it is inequitable that her promise should be enforced. The payment to Case & Prentice was not a voluntary one. Case & Prentice by means of their title had a right to enforce payment from her. When notified of the real condition of the property it was her duty to pay them. In doing so she paid the money to the party entitled to receive it. The plaintiff has no title to it, either in law or equity. He paid nothing for the property, and, under the circumstances, is not accountable to any one for its avails. For these reasons we think the judgment of the Superior Court in his favor is erroneous, and should be reversed.

In this opinion the other judges concurred.